# In the Iowa Supreme Court

No. 23–1308

Submitted March 27, 2025—Filed April 18, 2025

**John Dostart** and **Deena Dostart,**

Appellees,

vs.

**Columbia Insurance Group,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Coleman McAllister, judge.

An insurer seeks further review of a court of appeals decision affirming the denial of its motion for summary judgment as to whether its insured's commercial-general-liability insurance policy covers a judgment for consumer fraud. **Decision of Court of Appeals Vacated; District Court Ruling Reversed and Case Remanded with Instructions.**

Oxley, J., delivered the opinion of the court, in which all participating justices joined. Christensen, C.J., took no part in the consideration or decision of the case.

Michael A. Carmoney (argued) and Allison J. Frederick of Carmoney Law Firm, PLLC, Urbandale, for appellant.

Billy J. Mallory (argued) and Trevor A. Jordison of Mallory Law, West Des Moines, for appellees.

**Oxley, Justice.**

In April 2022, a jury awarded John and Deena Dostart (the Dostarts) $182,408.30 in compensatory damages and $17,591.70 in exemplary damages on their claims of consumer fraud against their general contractor, Tyler Custom Homes, Ltd., and its owner, James Harmeyer. Columbia Insurance Group (Columbia) provided a commercial-general-liability insurance policy (CGL policy) to Tyler Custom Homes and declined to indemnify the judgment on the basis that consumer fraud is excluded from coverage under the CGL policy. The Dostarts were not able to collect directly from Tyler Custom Homes or Harmeyer. The judgment remains unsatisfied.

The Dostarts then filed this suit under Iowa Code section 516.1 (2022),[1] seeking payment of the unsatisfied judgment from Columbia. Columbia moved for summary judgment, asserting that Tyler Custom Homes and Harmeyer's consumer fraud was not covered by the CGL policy and that the CGL policy expressly excludes coverage for exemplary damages. The district court granted Columbia's motion for summary judgment with respect to the exemplary damages, but it determined that fact questions existed as to whether the consumer fraud was an "occurrence" under the CGL policy, the jury's award was for "property damage," and the intentional acts exclusion applied.

We granted Columbia's interlocutory appeal and transferred the case to the court of appeals. The court of appeals affirmed, noting that the summary judgment record lacked any evidence about the underlying dispute beyond the

---

[1]Iowa Code section 516.1 allows a judgment creditor "to enforce a judgment by 'stepping into the shoes of' the judgment debtor." *Yegge v. Integrity Mut. Ins.*, 534 N.W.2d 100, 101 (Iowa 1995); *see also* Iowa Code § 516.1 (requiring CGL policies to include a "provision providing that, in event an execution on a judgment against the insured be returned unsatisfied in an action by a person who is injured or whose property is damaged, the judgment creditor shall have a right of action against the insurer to the same extent that such insured could have enforced the insured's claim against such insurer had such insured paid such judgment").

verdict form and relevant jury instructions. On Columbia's application for further review, we conclude that the record provides the facts needed to establish that the consumer fraud involved in the underlying action is not a covered "occurrence" under the CGL policy and that the alleged harm does not include covered "property damage" as defined in the policy. We vacate the court of appeals decision, reverse the district court order, and remand the case for entry of summary judgment in favor of Columbia.

I.

On October 18, 2017, Tyler Custom Homes entered into a construction contract with the Dostarts. Under the terms of the construction contract, Tyler Custom Homes agreed to construct a custom-built, single-family residence for the Dostarts in Altoona, Iowa, with construction to be substantially completed on or before June 11, 2018. On September 17, 2019, the Dostarts filed suit against Tyler Custom Homes and Harmeyer for failure to complete construction. The Dostarts asserted, among other things, consumer fraud under Iowa Code chapter 714H (2019). *See id.* § 714H.3(1) ("A person shall not engage in a practice or act the person knows or reasonably should know is an unfair practice, deception, fraud, false pretense, or false promise, or the misrepresentation, concealment, suppression, or omission of a material fact, with the intent that others rely upon the unfair practice, deception, [or] fraud . . . ."). Tyler Custom Homes and Harmeyer asked Columbia, their CGL policy provider, to defend and indemnify them under that policy. Columbia defended under a reservation of rights.

The matter proceeded to a jury trial in April 2022. As relevant to Columbia's claims here, Jury Instruction No. 24 provided:

> To prove their claim of consumer fraud, the Dostarts must prove all of the following propositions:

1. In their dealings with the Dostarts, Defendants Jim Harmeyer and/or Tyler Custom Homes, Ltd., engaged in a practice or act that a reasonable person knew or reasonably should have known was a deception, fraud, false pretense, a false promise, a misrepresentation, or a concealment, suppression, or omission of facts;

2. That Defendant acted with the intent that the Dostarts rely on the practice or act in connection with the advertisement or sale of the construction of a personal residence; and

3. The practice or act caused Actual Damages to the Dostarts.

If Plaintiffs failed to prove any of these propositions, Plaintiffs are not entitled to damages for this claim. If Plaintiffs have proved all of these propositions, Plaintiffs are entitled to "Actual Damages" in some amount for this claim.

In addition to "Actual Damages,"[2] the Dostarts sought "Exemplary Damages."

Jury Instruction No. 28 provided:

To recover Exemplary Damages, the Dostarts must prove by a preponderance of clear, convincing, and satisfactory evidence that a Defendant's prohibited practice or act constitutes willful and wanton disregard for the rights or safety of another.

If you find the Dostarts have met this burden, you may award Exemplary Damages up to three times the amount of Actual Damages.

Per Jury Instruction No. 29, "Conduct is willful and wanton when a person intentionally does an act of an unreasonable character in disregard of a known or obvious risk that is so great as to make it highly probable that harm will follow."

The jury rejected the Dostarts' breach of contract and warranty claims, but it returned a verdict in their favor on their consumer fraud claims. The jury awarded the following damages: (1) $182,408.30 in total "Actual Damages"

---

[2]Jury Instruction No. 25 defined "Actual Damages" as "all compensatory damages proximately caused by a Defendant's actions or inactions that are reasonably ascertainable in amount," not including "mental distress or loss of enjoyment of life."

($63,600.00 for the "costs associated with temporary living, moving expenses, and loan extension" caused by Harmeyer's consumer fraud, and $118,808.30 for "the reasonable cost of completing the home" caused by Tyler Custom Homes' consumer fraud), and (2) $17,591.70 in total "Exemplary Damages" (split equally between Harmeyer and Tyler Custom Homes).

Shortly after the jury verdict, Columbia informed Tyler Custom Homes and Harmeyer that the jury's verdict was not covered under their CGL policy. Accordingly, Columbia declined to indemnify the judgment. The Dostarts were unable to collect their judgment directly from Tyler Custom Homes or Harmeyer.

Following the entry of judgment, the Dostarts sued Columbia, seeking payment for their unsatisfied judgment pursuant to Iowa Code section 516.1 (2022). On May 1, 2023, Columbia moved for summary judgment, arguing that the CGL policy did not provide coverage for several reasons: (1) consumer fraud is not accidental and thus not a covered "occurrence," (2) Tyler Custom Homes' and Harmeyer's consumer fraud did not cause "property damage," (3) consumer fraud falls within the CGL policy's intentional acts exclusion, and (4) the CGL policy expressly excludes "punitive or exemplary damages."

The Dostarts conceded that the jury's "Exemplary Damages" awards were excluded under the CGL policy but otherwise resisted Columbia's motion for summary judgment. On July 20, the district court issued its ruling concluding that Columbia was entitled to summary judgment on any claims involving exemplary damages but that genuine issues of material fact exist for the Dostarts' remaining claims.

We granted Columbia's application for interlocutory review of the district court's summary judgment order and transferred the case to the court of appeals. The court of appeals affirmed. The court of appeals felt hamstrung by

the lack of evidence about the factual basis for the underlying judgment where the only evidence presented by Columbia in this coverage case was the jury instructions and the verdict form and judgment. As the court of appeals saw it, "[t]he necessary factual findings of an unsatisfied judgment alone may sometimes be enough to resolve a coverage dispute at summary judgment. But not this consumer-fraud judgment nor this insurance policy. And especially not when Columbia disclaims any argument that consumer fraud could never be covered by the policy." We granted Columbia's application for further review to determine whether any of the coverage issues can be decided as a matter of law on the current record.

## II.

"We review summary judgment rulings for correction of errors at law." *Myers v. City of Cedar Falls*, 8 N.W.3d 171, 176 (Iowa 2024) (quoting *Feeback v. Swift Pork Co.*, 988 N.W.2d 340, 346 (Iowa 2023)). The moving party must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* "We view the evidence in the light most favorable to the nonmoving party, who is entitled to every legitimate inference that we may draw from the record." *Id.* (quoting *Nelson v. Lindaman*, 867 N.W.2d 1, 6–7 (Iowa 2015)). Summary judgment is generally proper where the issue is a purely legal one involving undisputed facts. *See Rilea v. State*, 959 N.W.2d 392, 393 (Iowa 2021) ("We review rulings on motions for summary judgment to correct legal error. We're confronted with a purely legal question; the material facts of the case are straightforward and undisputed." (citation omitted)).

The Dostarts, standing in the shoes of Tyler Custom Homes as the insured, "ha[ve] the initial burden of establishing [the] loss is covered by the policy." *Jesse's Embers, LLC v. W. Agric. Ins.*, 973 N.W.2d 507, 510 (Iowa 2022). Whether

an insurance agreement provides coverage for a particular loss is a matter of contract law, so we start with the relevant policy provisions. *Osmic v. Nationwide Agribus. Ins.*, 841 N.W.2d 853, 858 (Iowa 2014) ("Our first step in insurance coverage matters is to consider 'what the policy itself says.' " (quoting *Thomas v. Progressive Cas. Ins.*, 749 N.W.2d 678, 683 (Iowa 2008))).

Columbia's CGL policy provides coverage for "those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage' to which this insurance applies." The policy goes on to clarify that it "applies to . . . 'property damage' only if: . . . [t]he . . . 'property damage' is caused by an 'occurrence.' " The CGL policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." And it defines "property damage" as

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

Columbia relies on *Yegge v. Integrity Mutual Insurance* for its holding that consumer fraud is not an "occurrence" that triggers general commercial liability insurance coverage. 534 N.W.2d 100, 102–03 (Iowa 1995). In *Yegge*, we held that a homebuilder's alleged fraud did not involve accidental conduct and thus was not an "occurrence" under the homebuilder's general business liability insurance policy. *Id.* The definitions of "occurrence" in *Yegge* and in this case are identical.

The Dostarts attempt to distinguish *Yegge* on the basis that it involved common law fraud, which has a higher mens rea requirement than statutory consumer fraud under Iowa Code section 714H.3(1) (2019).

> [T]o prevail on a common law fraud claim the plaintiff must prove the following: "(1) [the] defendant made a representation to the plaintiff, (2) the representation was false, (3) the representation was material, (4) the defendant knew the representation was false, (5) the defendant intended to deceive the plaintiff, (6) the plaintiff acted in [justifiable] reliance on the truth of the representation . . . , (7) the representation was a proximate cause of [the] plaintiff's damages, and (8) the amount of damages."

*Dier v. Peters*, 815 N.W.2d 1, 7 (Iowa 2012) (second, third, and fourth alterations and omission in original) (quoting *Spreitzer v. Hawkeye State Bank*, 779 N.W.2d 726, 735 (Iowa 2009)).

Unlike the plaintiffs in *Yegge*, the Dostarts sought and were awarded damages under a consumer-fraud claim pursuant to Iowa Code section 714H.3(1):

> A person shall not engage in a practice or act the person knows or reasonably should know is an unfair practice, deception, fraud, false pretense, or false promise, or the misrepresentation, concealment, suppression, or omission of a material fact, with the intent that others rely upon the unfair practice, deception, [or] fraud . . . .

The Dostarts argue that unlike common law fraud, which requires an intent to deceive, consumer fraud can be based on reckless or potentially negligent conduct, requiring only an "intent that others rely upon the unfair practice, deception, [or] fraud." *Id.* Like the Dostarts, the court of appeals found the mens rea distinctions between common law fraud and statutory consumer fraud critical. We disagree.

Notwithstanding any mens rea distinctions between common law fraud and statutory consumer fraud, we find *Pursell Construction, Inc. v. Hawkeye–Security Insurance* instructive in cases like this involving disputes between a homeowner and a contractor. 596 N.W.2d 67 (Iowa 1999). In *Pursell*, a contractor sought coverage from its CGL insurer for breach of contract and negligence claims brought against the contractor by a client after the contractor failed to

properly construct a home in compliance with city ordinances. *Id.* at 70. Considering "whether this alleged defective workmanship constitute[d] an occurrence within the meaning of the policy," "[w]e agree[d] with the majority rule and . . . join[ed] those jurisdictions that hold that defective workmanship standing alone, that is, resulting in damages only to the work product itself, is not an occurrence under a CGL policy." *Id.* at 70–71; *see also Essex Ins. v. Holder*, 261 S.W.3d 456, 460 (Ark. 2008) ("Faulty workmanship is not an accident; instead, it is a foreseeable occurrence, and performance bonds exist in the marketplace to insure the contractor against claims for the cost of repair or replacement of faulty work. Accordingly, we hold that defective workmanship standing alone—resulting in damages only to the work product itself—is not an occurrence under a CGL policy such as the one at issue here."). Like the homeowners in *Pursell* and *Essex Insurance v. Holder*, the Dostarts only sought damages for the very property upon which Tyler Custom Homes performed work. "Consequently, . . . the damages here were not the result of an 'occurrence' as defined in the policy, and for that reason there is no coverage." *Pursell*, 596 N.W.2d at 71–72.

This conclusion follows from the insurance agreement's limitation to " 'property damage' . . . caused by an 'occurrence.' " Which brings us back to *Yegge*. There, we emphasized that the underlying suit against the homebuilders "was, from beginning to end, a claim of poor performance in constructing a residence. [The plaintiffs] would convert a routine business liability policy into a performance bond, clearly a risk [the CGL insurer] did not undertake." *Yegge*, 534 N.W.2d at 103. Any mens rea distinction between common law fraud and statutory consumer fraud does not change this limitation on the CGL coverage.

Here, the verdict form awarded the Dostarts damages for the cost to complete construction of the home and the consequential damages associated with being unable to move in as expected in the form of temporary living expenses and additional costs to extend the loan. In essence, the costs to do what Tyler Custom Homes promised to do, but didn't, and the consequential costs associated with Tyler Custom Homes' failure to timely complete the home as promised. This sounds a lot like a performance bond. *See id.* Failing to complete construction of a home is no different than needing to "repair . . . defective workmanship that damaged only the resulting work product." *Pursell*, 596 N.W.2d at 70. As we explained in *Pursell*, where the damages sought "are limited to the very property upon which [the contractor] performed work," *id.* at 71, those are not damages to property contemplated by the policy.

We did not break new ground in reaching this conclusion. Indeed, "[t]he majority of courts that have considered this issue have concluded that a CGL policy does not provide coverage for [the] claims against an insured for the repair of defective workmanship that damaged only the resulting work product." *Id.* at 70. In the same way, damages to complete construction of the "very property" Tyler Custom Homes was hired to construct is not "physical injury to tangible property" contemplated by Columbia's CGL policy.

Whether considered as part of the requirement that the conduct be an "occurrence" or the requirement that the conduct cause "property damage," "defective [or incomplete] workmanship, standing alone, is not an occurrence under a CGL policy." *Id.* at 70–71; *see also Norwalk Ready Mixed Concrete, Inc. v. Travelers Ins.*, 246 F.3d 1132, 1137 (8th Cir. 2001) (relying on *Pursell* to "hold that defective workmanship, regardless of who is responsible for the defect, cannot be characterized as an accident under Iowa law" within the purview of a

CGL policy); *Nat'l Sur. Corp. v. Dustex Corp.*, No. 13–cv–2004, 2014 WL 12605459, at *4 (N.D. Iowa 2014) ("Iowa law requires actual 'rip and tear' damage to third-party property in order for a CGL policy to respond to injury to property. In Iowa, an insured's 'mere faulty workmanship, standing alone,' and 'the cost of repairing the defect' do not constitute property damages." (quoting *Pursell*, 596 N.W.2d at 71)).

Our conclusion that the consumer fraud was not an "occurrence" and that the underlying judgment was not for "property damage" such that there is no coverage under Columbia's CGL policy obviates the need for us to reach the intentional acts exclusion. Without coverage, there is no need to consider whether any exclusions apply. *See Pursell*, 596 N.W.2d at 69 ("[To determine coverage,] [f]irst, we look to the insuring agreement. If there is coverage, we look next to the exclusions.").

Based on the foregoing, the district court and court of appeals erred in denying Columbia's motion for summary judgment.

III.

We vacate the court of appeals decision, reverse the district court order, and remand the case for entry of summary judgment in favor of Columbia.

**Decision of Court of Appeals Vacated; District Court Ruling Reversed and Case Remanded with Instructions.**

All justices concur except Christensen, C.J., who takes no part.